**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

POSADA PRIMERA, LLC

      Plaintiff,

v.                               No.:  13-CV-01148 KGM/CG

CITY OF SANTA FE, NEW MEXICO,

      Defendant.

<u>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**</u>

**THIS MATTER** is before the Court upon *Defendant's Motion for Protective Order* ("Motion"), filed June 20, 2014, (Doc. 53).  In its Motion, Defendant moves the Court to grant a protective order "to stay discovery and the taking of any depositions until the Court makes a decision on Plaintiff's Motion to Amend and Motion to Remand."  (Doc. 53 at 3).

**Background**

Plaintiff has filed a *Motion for Leave to File First Amended Complaint* ("Motion to Amend"), (Doc. 31), and a *Motion to Remand Counts I-IV and VI to State Court and Memorandum in Support Thereof*, (Doc. 33).  Defendant has incorporated into its *Response to Plaintiff's Motion for Leave to File First Amended Complaint*, (Doc. 41), the arguments and evidence presented in its *Motion for Summary Judgment*, (Doc. 39). (*See* Doc. 41 at 2) ("The City submits that the claims in [Plaintiff's] proposed amendment can be resolved on the basis of the records that have already been produced and on the basis of the City's Motion for Summary Judgment.")

In the Motion to Amend, Plaintiff seeks to join as a defendant Marcos Martinez, (Doc. 31-1 at 1), an individual who has been identified as one Defendant's 30(b)(6)

witnesses.  (Doc. 53 at 3).  Plaintiff has filed a Notice to Take Deposition Duces Tecum

of Defendant City of Santa Fe Pursuant to Rule 30(b)(6), (Doc. 35); the deposition is

scheduled for June 24, 2014.  (Doc. 53 at 4).

Defendant now moves for a Protective Order to postpone the 30(b)(6)

depositions and stay discovery pending resolution of Plaintiff's Motion to Amend and

Motion to Remand.  (Doc. 53).

### Discussion

As grounds for its Motion, Defendant cites the need to avoid additional litigation

and administrative costs.  (Doc. 53 at 3-5).  Defendant explains that there are several

pending dispositive motions that have not been ruled upon and therefore, "it is unclear

exactly what legal theories are before the Court."  (Doc. 53 at 3).  Furthermore,

Defendant is particularly concerned about the possibility that Plaintiff will seek to depose

the 30(b)(6) witnesses twice if the Motion to Amend is granted, or that these witnesses

will be unnecessarily deposed if the Motion to Amend is denied.  (Doc. 53 at 4).

Under Federal Rule of Civil Procedure 26(c), a party "from whom discovery is

sought may move for a protective order."  For good cause, the Court may issue such an

order to protect a party "from annoyance, embarrassment, oppression, or undue burden

or expense."  Fed. R. Civ. P. 26(c)(1).   The movant asking the court to issue a

protective order bears the burden to demonstrate good cause and to show that it should

be so protected.  *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256, (D. Kan. 1996).

Courts are given broad discretion to stay discovery.  *See Kutilek v. Gannon*, 132 F.R.D.

296, 297 (D. Kan. 1990).  A stay would not be appropriate if it would "preclude a party

from discovery on matters bearing on the dispositive motion."  *Id.* at 298.

The Court does not find that Defendant has provided good cause in support of the Motion.  Defendant has ensured that the Motion to Amend is decided in conjunction with its Motion for Summary Judgment by incorporating the arguments and evidence in the latter with its response to the former.  Resolution of the Motion to Amend inherently involves resolution of the Motion for Summary Judgment, notwithstanding Defendant's representation that it is requesting that discovery be stayed pending resolution of the Motion to Amend and Motion to Remand only.  A stay is not appropriate because Defendant's Motion for Summary Judgment includes an affidavit from Mr. Martinez and granting the protective order would deny Plaintiff the opportunity to depose this witness and inhibit its ability to respond to the Motion for Summary Judgment.  (*See* Doc. 39-8; Doc. 52).

Furthermore, Defendant has offered primarily speculative arguments in support of its Motion.  Defendant assumes that Plaintiff would seek additional depositions of Defendant's 30(b)(6) witnesses, but offers no concrete evidence that this will occur.  Should Plaintiff seek subsequent depositions with the same witnesses, Defendant would have an opportunity to file a protective order to limit the length or scope of these depositions.  At this juncture, Defendant's argument that Plaintiff *may* seek to depose *some* of its witnesses a second time does not provide a basis for the Court to find that there is good cause to protect Defendant from the undue burden of a deposition.

Similarly, the possibility that the Court will grant Defendant's Motion for Summary Judgment and Defendant will have incurred some cost by submitting to 30(b)(6) depositions in the interim does not amount to an undue burden.  *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973 (D. Colo. Mar. 2, 2007) ("Defendants

always are burdened when they are sued, whether the case ultimately is dismissed;

summary judgment is granted; the case is settled; or a trial occurs. That is a

consequence of our judicial system and the rules of civil procedure. There is no special

burden on the defendant in this case.").

For the reasons discuss above, *Defendant's Motion for Protective Order*, (Doc.

53), is **DENIED**.[1]

**IT IS SO ORDERED.**

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

[1] Though the parties have the right to file objections under FED. R. CIV. P. 72, those objections do not
relieve the parties of their obligations to timely comply with this order.  *See Esparza v.
Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001); *Williams v. Texaco, Inc.*, 165 B.R. 662,
673 (D.N.M. 1994), *cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs
an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply
promptly with the order pending appeal. Persons who make private determinations of the law and refuse
to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").